Justin Cilenti (GC 2321)
Peter H. Cooper (PHC 4714)
**CILENTI & COOPER, PLLC**
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
E-mail: pcooper@jcpclaw.com
*Counsel for Plaintiffs;*
*Collective Action Members;*
*and the Class*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| LUIS JORGE CARRASCO, TERRENCE T. MITCHELL, and GREGORY BRICE, *on behalf of themselves, and others similarly situated*, <br><br> Plaintiffs, <br><br>   -against- <br><br> IBI ARMORED SERVICES, INC., *and* MICHAEL SHIELDS, *and* HAROLD SHIELDS, *individually*, <br><br> Defendants. | Case No.:  20 CV 3611 <br><br> FLSA COLLECTIVE and RULE 23 CLASS ACTION COMPLAINT <br><br> ECF Case <br><br> Jury Trial Demand |

---

Plaintiffs, Luis Jorge Carrasco, Terrence T. Mitchell, and Gregory Brice (collectively, "Plaintiffs"), on behalf of themselves, and other similarly situated employees, by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Complaint against Defendants, IBI Armored Services, Inc., (hereinafter, "IBI Armored Services"), and Michael Shields and Harold Shields, individually (collectively, "Defendants"), and state as follows:

## INTRODUCTION

1.      Plaintiffs, Luis Jorge Carrasco, Terrence T. Mitchell, and Gregory Brice, on behalf of themselves and others similarly situated, allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid wages for hours worked; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2.      Plaintiffs, Luis Jorge Carrasco, Terrence T. Mitchell, and Gregory Brice, on behalf of themselves and others similarly situated further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid wages for hours worked; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day they worked in excess of ten (10) hours; (4) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## THE PARTIES

5.      Plaintiffs are adult residents of New York City and are employees of defendants.

6.      Defendant, IBI Armored Services, is a business corporation existing and doing business under the laws of the State of New York, with a principal place of business at 37-06 61st Street, Woodside, New York 11377.

7.      Upon information and belief, Defendant, Michael Shields, is an owner, officer, director and/or managing agent of IBI Armored Services, whose address is unknown at this time and who participated in the day-to-day operations of IBI Armored Services and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with IBI Armored Services.

8.      Upon information and belief, Defendant, Harold Shields, is an owner, officer, director and/or managing agent of IBI Armored Services, whose address is unknown at this time and who participated in the day-to-day operations of IBI Armored Services and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with IBI Armored Services.

9.      Plaintiff, Luis Jorge Carrasco, has been employed by Defendants in Queens County, New York, as a driver for Defendants' armored car service known as "IBI Armored Services" from June 2001 through the present.

10.     Plaintiff, Terrence T. Mitchell, has been employed by Defendants in Queens County, New York, as a driver for Defendants' armored car service known as "IBI Armored Services" from September 2017 through the present.

11.     Plaintiff, Gregory Brice, has been employed by Defendants in Queens County, New York, as a driver for Defendants' armored car service known as "IBI Armored Services" from November 2017 through the present.

12.     At all relevant times, IBI Armored Services was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

13.     During each of the three (3) most recent years, Defendant IBI Armored Services, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce; and (ii) has and has had an annual gross volume of sales of not less than $500,000.

14.     At all relevant times, the work performed by Plaintiffs, Luis Jorge Carrasco, Terrence T. Mitchell, and Gregory Brice, and other similarly situated employees, was and is directly essential to the business operated by IBI Armored Services.

15.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs Luis Jorge Carrasco, Terrence T. Mitchell, and Gregory Brice lawfully earned wages and overtime compensation, for hours worked, in contravention of the FLSA and New York Labor Law.

16.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs Luis Jorge Carrasco, Terrence T. Mitchell, and Gregory Brice lawfully earned overtime wages in contravention of the FLSA and New York Labor Law.

17.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs Luis Jorge Carrasco, Terrence T. Mitchell, and Gregory Brice lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

18.     The individual Defendant Michael Shields, exercised control over the terms and conditions of Plaintiffs' employment in that he had the power to: (i) hire and fire employees; (ii) determine rates and methods of pay; (iii) determine work schedules; (iv) supervise and control work of the employees, including Plaintiffs; and (v) otherwise affect the quality of his employees' employment.

19.     The individual Defendant Harold Shields, exercised control over the terms and conditions of Plaintiffs' employment in that he had the power to: (i) hire and fire employees; (ii) determine rates and methods of pay; (iii) determine work schedules; (iv) supervise and control work of the employees, including Plaintiffs; and (v) otherwise affect the quality of his employees' employment.

20.     At all times relevant to this action, Defendants Michael Shields and Harold Shields, created and implemented crucial business policies, including decisions concerning the number of hours the employees were required to work, the amount of pay that the employees were entitled to receive, and the method and manner by which the employees were to be paid.

21.     Defendant Michael Shields exercised sufficient control over IBI Armored Services' day-to-day operations as to be considered an employer of the Plaintiffs and other similarly situated employees, under the FLSA and New York Labor Law.

22.     Defendant Harold Shields exercised sufficient control over IBI Armored Services' day-to-day operations as to be considered an employer of the Plaintiffs, and other similarly situated employees, under the FLSA and New York Labor Law.

23.     Plaintiffs and other similarly situated employees worked directly for the individual and corporate defendants.

24.     Plaintiffs, Luis Jorge Carrasco, Terrence T. Mitchell and Gregory Brice, have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS
### a. Plaintiff Luis Jorge Carrasco

25.     In 2001, Plaintiff, Luis Jorge Carrasco, was hired by Defendants to work as a driver for Defendants' armored vehicle service known as "IBI Armored Services", located at 37-06 61st Street, Woodside, New York 11377.

26.     Plaintiff, Luis Jorge Carrasco, has worked continuously for the Defendants since 2001, through the present.

27.     Plaintiff Luis Jorge Carrasco's duties are to transport money from stores and banks.

28.     During most recent three (3) years of Plaintiff's employment by Defendants, he worked well over forty (40) hours per week. Plaintiff generally worked up to twelve (12) hours per shift, and he worked six (6) or seven (7) shifts per week.

29.     Plaintiff Luis Jorge Carrasco worked approximately sixty (60) to seventy (70), or more, hours per week.

30.     Plaintiff Luis Jorge Carrasco was not paid wages for all hours worked, or overtime wages. Plaintiff was paid a regular rate of $14.25 per hour in 2017 and 2018;

and was raised to $15.00 per hour in 2019. With the exception of a period of time in the first half of 2018, work performed above forty (40) hours per week was not paid at time and one-half the statutory minimum rate of pay as required by state and federal law.

31.     At all times relevant to this action, Plaintiff Luis Jorge Carrasco was paid according to the dispatcher's log, rather than the punch clock, which had the effect of paying him for less hours than he actually worked each week.

32.     Plaintiff Luis Jorge Carrasco was paid between one (1) hour and three (3) hour less than he actually worked each week.

33.     Plaintiff Luis Jorge Carrasco was not paid a spread of hours premium when he worked in excess of ten (10) hours in a single workday.

### b.  Plaintiff Terrence T. Mitchell

34.     In September 2017, Plaintiff, Terrence T. Mitchell, was hired by Defendants to work as a driver for Defendants' armored vehicle service known as "IBI Armored Services", located at 37-06 61st Street, Woodside, New York 11377.

35.     Plaintiff, Terrence T. Mitchell, has worked continuously for the Defendants since September 2017, through the present.

36.     Plaintiff Terrence T. Mitchell's duties are to transport money from stores and banks.

37.     During the past three (3) years of Plaintiff's employment by Defendants, he worked well over forty (40) hours per week. Plaintiff generally worked between fifty (50) and sixty (60), or more, hours each week.

38.     When he began working for defendants, until November 1, 2018, Plaintiff Terrence T. Mitchell was paid time and a half for some hours worked in excess of forty

(40) per week. Beginning in November 2018, defendants changed their policy and did not pay time and a half for hours worked in excess of forty (40) each week.

39.     Beginning in November 2018 through present, Defendants refused to pay time and a half the statutory minimum rate of pay for work performed above forty (40) hours per week. Plaintiff's regular rate of pay in 2018 was $13.00 per hour.

40.     In 2019, Plaintiff Terrence T. Mitchell was paid a regular rate of $15.00 per hour and he was not paid an overtime premium for his work in excess of forty (40) hours per week.

41.     At all times relevant to this action, Plaintiff Terrence T. Mitchell was paid according to the dispatcher's log, not the punch clock, which had the effect of paying him for one (1) to three (3) hours less than he actually worked each week.

42.     At all times relevant to this action, Plaintiff frequently worked in excess of ten (10) hours per shift but was not paid the spread-of-hours premium.

### c.  Plaintiff Gregory Brice

43.     In November 2017, Plaintiff, Gregory Brice, was hired by Defendants to work as a driver for Defendants' armored vehicle service known as "IBI Armored Services", located at 37-06 61st Street, Woodside, New York 11377.

44.     Plaintiff, Gregory Brice, has worked continuously for the Defendants since November 2017, through the present.

45.     Plaintiff Gregory Brice's duties are to transport money from stores and banks in Manhattan.

46.     In 2018, Plaintiff Gregory Bruce worked on a small "jumper van", doing a route in Connecticut.

47.     In the beginning of his employment, Gregory Bruce was paid time and a half for hours worked in excess of forty (40) per week.

48.     In 2017 Plaintiff Gregory Brice was paid eleven dollars ($11.00) per hour.

49.     In 2018 Plaintiff Gregory Brice was paid thirteen dollars ($13.00) per hour.

50.     In 2019 through the present, Gregory Brice has been paid fifteen dollars ($15.00) per hour.

51.     Plaintiff Gregory Brice worked between fifty-five (55) and eighty (80) or more hours per week.

52.     Beginning in November 2018, defendants changed their policy, and stopped paying overtime at time and a half the statutory minimum rate of pay.

53.     Plaintiff Gregory Brice was not paid spread of hours premiums when he worked in excess of ten (10) hours per shift, which occurred four (4) or (5) times in a typical workweek.

54.     Plaintiff Gregory Brice was often paid for less hours than he actually worked according to the company's time clock.

## GENERAL ALLEGATIONS

55.     At all times relevant to this action, Plaintiffs frequently worked in excess of forty (40) hours per week and were paid for less hours than they actually worked.

56.     At all times relevant to this action, Plaintiffs frequently worked in excess of ten (10) hours per shift and were not paid spread-of-hours premiums.

57.     By shaving time and rounding, Defendants knowingly and willfully operated and continue to operate their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage, or overtime compensation,

to the Plaintiffs and other similarly situated employees, for hours they worked on a weekly basis.

58.     At times relevant to this action, Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees overtime compensation for all hours worked, or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations, and improperly classified Plaintiffs and others similarly situated as exempt from all overtime compensation.

59.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs and other similarly situated employees.

60.     At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient time records.

61.     Defendants, Michael Shields and Harold Shields, are individuals who, upon information and belief, own the stock of IBI Armored Services, own IBI Armored Services, and together manage and make all business decisions, including but not limited to, the decisions about what salary the employees will receive and the number of hours the employees will work.

## COLLECTIVE ACTION ALLEGATIONS

62.     Plaintiffs bring this action individually and as representative on behalf of all other current and former non-exempt employees who have been or were employed by the Defendants since August 2017 to the entry of judgment in this case (the "Collective

Action Period"), and who were compensated at rates less than the statutory minimum wage for some hours worked, and less than the statutory rate of time and one-half the minimum wage, for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

63.     The collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are hundreds of Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

64.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

65.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

66. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

67. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

a. Whether the Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

b. Whether the Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiffs and the Collective Action Members;

c. What proof of hours worked is sufficient where the employer fails in its duty to maintain wage and hour records;

d. Whether the Defendants failed to pay Plaintiffs and the Collective Action Members statutory minimum wages, in violation of the FLSA and the regulations promulgated thereunder;

e. Whether the Defendants failed to pay Plaintiffs and the Collective Action Members statutory spread of hours premiums for all when

they worked a spread in excess of ten (10) hours in one day, in violation of the New York Labor Law;

f.    Whether the Defendants failed to pay Plaintiffs and the Collective Action Members statutory overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

g.    Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

h.    Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements, and attorneys' fees.

68.    Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

69.    Plaintiffs and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

70.    Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

71.    Plaintiffs bring their New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since August 2014 (the "Class Period") who were non-exempt employees within the meaning of the New York Labor Law and have not been paid minimum wage and/or overtime compensation in violation of the New York Labor Law (the "Class").

72.     The persons in the Class identified herein are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Class consists of all drivers and jumpers who have not previously brought independent claims and, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

73.     The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

74.     Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

75.     Plaintiffs have committed themselves to pursuing this action and has retained counsel experienced in employment law and class action litigation.

76.     Plaintiffs will fairly and adequately protect the interests of the NY Class members. Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to the Class members to represent their interests fairly and adequately, and that they must consider the interests of the Class members just as they would represent and consider their own interests, and that they may not favor their own interests over those of the Class members.

77.     Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class. Plaintiffs understand that in order to provide adequate representation, they must remain informed of litigation developments and he understand that they may be called upon to testify in depositions and at trial.

78.     Plaintiffs have the same interests in this matter as all other members of the Class and Plaintiffs' claims are typical of the Class.

79.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a.     Whether Defendants employed Plaintiffs and the Class members within the meaning of the New York Labor Law;

b.     Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiffs and the Class members;

c.     What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.     Whether Defendants failed to pay Plaintiffs and the Class members statutory minimum wages, in violation of the New York Labor Law and the regulations promulgated thereunder;

e.     Whether Defendants failed to pay the Plaintiffs and the Class members statutory overtime compensation for all hours worked in

excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

f.      Whether Defendants failed to pay the Plaintiffs and the Class spread-of-hours premiums due to them;

g.      Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

80.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "79" of this Complaint as if fully set forth herein.

81.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

82.     At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA

83.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

84.     Plaintiffs, and collective action members, worked hours for which they were not paid the statutory minimum wage.

85.     At all relevant times, Defendants had a policy and practice of refusing to pay the wage to Plaintiffs and collective action members, for hours worked.

86.     Defendants failed to pay Plaintiffs wages in the lawful amount for all hours worked.

87.     Plaintiffs were entitled to be paid at the rate of time and one-half the statutory minimum for all hours worked in excess of the maximum hours provided for in the FLSA.

88.     Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

89.     At all relevant times, Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

90.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime pay would financially injure Plaintiffs.

91.     Defendants' failed to properly record, report, credit and/or compensate its employees, including Plaintiffs and collective action members.

92.     Defendants failed to make, keep and preserve records with respect to each of the Plaintiffs and similarly situated employees, sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

93.     Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs believed to be false or inaccurate.

94.     Defendants failed to properly disclose or apprise Plaintiffs and collective action members, of their rights under the FLSA.

95.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and collective action members, are entitled to liquidated damages pursuant to the FLSA.

96.     Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

97.     Plaintiffs are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

98.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "97" of this Complaint as if fully set forth herein.

99.     At all relevant times, Plaintiffs, the collective action members, and the class were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

100.    Defendants knowingly and willfully violated Plaintiffs', the collective action members', and the class' rights by failing to pay wages in the lawful amount for hours worked.

101.    Defendants knowingly and willfully violated Plaintiffs', the collective action members', and the class' rights by failing to pay Plaintiffs overtime compensation at rates of not less than one and one-half times the statutory minimum rate of pay for each hour worked in excess of forty (40) hours in a workweek.

102.    Defendants knowingly and willfully violated Plaintiffs', the collective action members', and the class' rights by failing to pay "spread of hours" premiums for each day they worked greater than ten (10) hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

103.    Defendants purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

104.    Due to the Defendants' New York Labor Law violations, Plaintiffs, the collective action members, and the class, are entitled to recover from Defendants unpaid wages, unpaid overtime wages, unpaid "spread of hours" premiums, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) et al. and § 198.  Plaintiffs also seek liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

105.    Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "104" of this Complaint as if fully set forth herein.

106.    The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

107.    Plaintiffs were not provided with true and accurate wage notices and statements as required by law.

108.    The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

109.    At times relevant to the claims herein, Defendants did not provide Plaintiffs, collective action members, and the class, with accurate written statement properly accounting for their actual hours worked, and setting forth their true hourly rate of pay, regular wages, and/or overtime wages.

110.    Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours the employees worked, in order to avoid paying them for their full hours worked; and, overtime due.

111.    Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate timesheets and payroll records.

112.    Plaintiffs, collective action members, and the class, were not provided with true and accurate wage statements as required by law.

113.    Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

114.    Employers must provide employees accurate wage statements that include, *inter alia*, the rate of pay, overtime rate, and the number of hours worked (regular and overtime), pursuant to Labor Law § 195(3).

115.    If an employee is not provided these statements, he may recover damages of two hundred fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees, pursuant to Labor Law § 198(1-d). This penalty has been in effect since February 27, 2015.

116.    As a result of Defendants' violations of Labor Law § 195(3), Plaintiffs, collective action members and the class are entitled to penalties as provided therein.

117.    As a result of Defendant's violations of New York Labor Law § 195(3), Plaintiffs may recover damages of one hundred dollars for each work week Defendants failed to provide Plaintiffs with wage notices, not to exceed a total of five thousand dollars ($5,000), together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-d).

## **PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiffs, on behalf of themselves, and other similarly situated employees, respectfully request that this Court grant the following relief:

(a)     An award of unpaid wages, minimum wages, and overtime due under the FLSA and New York Labor Law;

(b)   An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(c)   An award of statutory damages for failure to provide wage notices and wage statements, pursuant to the New York State Wage Theft Prevention Act;

(d)   An award of liquidated damages as a result of Defendants' failure to pay wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e)   An award of prejudgment and post-judgment interest;

(f)   An award of costs and expenses associated with this action, together with reasonable attorneys' fees;

(g)   Such other and further relief as this Court determines to be just and proper.

### JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs respectfully demand a trial by jury on all issues.

Dated: New York, New York
       August 11, 2020

Respectfully submitted,

CILENTI & COOPER, PLLC
*Counsel for Plaintiffs; Collective Action Members; and the Class*
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile  (212) 209-7102
E-mail: pcooper@jcpclaw.com

By:   _____
      Peter Hans Cooper (PHC 4714)

## NOTICE OF INTENTION TO ENFORCE MEMBER
## LIABILITY FOR SERVICES RENDERED

To:     Michael Shields
        Harold Shields

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Luis Jorge Carrasco, Terrence T. Mitchell, and Gregory Brice intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of IBI Armored Services, Inc., for all debts, wages and / or salaries due and owing to him as laborers, servants, and / or employees of said corporation, for services performed for said corporation within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

Dated: New York, New York
       August 11, 2020

Respectfully submitted,

CILENTI & COOPER, PLLC
**_Counsel for Plaintiffs; Collective_**
**_Action Members; and the Class_**
10 Grand Central
155 East 44th Street – 6thFloor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile   (212) 209-7102
E-mail:  pcooper@jcpclaw.com

By:     _____
        Peter Hans Cooper (PHC 4714)

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Luis Carrasco_____, am an employee currently or

formerly employed by _IBI Armored Services_____, and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_July 8_____, 2020

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Terrence T. Mitchell_____, am an employee currently or

formerly employed by _IBI Armored Services_____, and/or related

entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_July 14_____, 2020

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Gregory Brice_ , am an employee currently or formerly employed by _JBI Armored_ , and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_July 29_ , 2020

_Gregory Brice_